Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000548
30-AUG-2012
09:21 AM

CAAP-11-0000548

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STEPHEN E. SMITH, Plaintiff-Appellee,
v.
EDWARD ALEXANDER SMITH, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(DC-CIVIL NO. 11-1-0309)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)


        In this action for ejectment, Defendant-Appellant
Edward Alexander Smith (Edward), representing himself, appeals
from the amended Judgment for Possession filed on June 20, 2011,
in the District Court of the Second Circuit (District Court).  We
affirm.

I.

        Plaintiff-Appellee Stephen E. Smith (Stephen), who is
Edward's estranged son, filed a complaint for ejectment seeking
to remove Edward from certain identified property (Subject
Property) located in Pukalani, Maui.  Stephen alleged that he was
the sole owner of the Subject Property and that Edward was
occupying the property without any right to do so.  Edward filed
a document entitled, "Affidavit of Defendant Mr. Edward A. Smith
Against Complaint for Ejectment and Damages, by Plaintiff and
Counsel," in which Edward generally asserted ownership of the

property through adverse possession. The District Court subsequently set the case for trial.

Prior to trial, Stephen filed a motion for summary judgment. In support of this motion, Stephen submitted his declaration, exhibits showing his chain of title to the Subject Property, and a certified copy, dated March 10, 2008, of a State of Hawai'i "Land Court Certificate of Title" that identified Stephen as the sole registered owner of the Subject Property. The District Court granted Stephen's motion for summary judgment, and it issued an amended Judgment for Possession and an amended Writ of Possession on June 20, 2011.[1]  This appeal followed.[2]

II.

It is difficult to decipher the precise arguments Edward seeks to assert on appeal. It appears that Edward basically contends that the District Court erred in granting summary judgment in favor of Stephen and issuing the amended Judgment for Possession and amended Writ of Possession, because Edward claims he acquired title to the Subject Property through adverse possession. We conclude that Edward's appeal is without merit.

The document submitted by Edward as his "affidavit" did not serve to raise a question of title as to the Subject Property under Hawaii Revised Statutes (HRS) § 604-5(d) (Supp. 2011) and did not divest the District Court of jurisdiction. The "affidavit" did not adequately set forth "the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of

---

[1] The amended Judgment for Possession amended the prior Judgment for Possession in a material and substantial respect regarding the identification of the Subject Premises. We reject Stephen's claim that Edward's notice of appeal was untimely. When measured from the date of the amended Judgment for Possession, the notice of appeal was filed within the prescribed time. See Poe v. Hawai'i Labor Relations Board, 98 Hawai'i 416, 418-19, 49 P.3d 382, 384-85 (2002).

[2] The Honorable Mimi Desjardins set the case for trial, and the Honorable Jan K. Apo granted Stephen's motion for summary judgment and issued the amended Judgment for Possession and amended Writ of Possession.

the nature of defendant's claim[,]" as required by District Court Rules of Civil Procedure (DCRCP) Rule 12.1 (1972). See Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai'i 32, 36-39, 265 P.3d 1128, 1132-35 (2011). The purported affidavit also was not sworn to by Edward under oath or subscribed to be true under penalty of law. See DCRCP Rule 12.1 (requiring a defendant to submit an *affidavit* setting forth the source, nature and extent of the title defendant claims in order to interpose a defense to the jurisdiction of the District Court); Black's Law Dictionary 62 (8th ed. 2004) (defining "affidavit" as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths . . . "); Rules of the District Courts of the State of Hawai'i Rule 7(g) (2001) (authorizing the submission of an "unsworn declaration . . . subscribed as true under penalty of law" in lieu of an affidavit).

The District Court did not err in granting Stephen's motion for summary judgment. In support of his motion, Stephen submitted evidence establishing his chain of title to the Subject Property and a Land Court Certificate of Title verifying that Stephen was the sole registered owner of the Subject Property. Because the Subject Property was Land Court registered property, Edward could not acquire it by adverse possession. HRS § 501-87 (2006) ("No title, right, or interest in, to, or across registered land in derogation of that of the registered owner shall be acquired by prescription or adverse possession[.]"); see City & County of Honolulu v. Bennett, 57 Haw. 195, 208 n.16, 552 P.2d 1380, 1389 n.16 (1976) ("Hawaii's Torrens system of land registration has, ever since its inception in 1903, flatly banned adverse possession against registered land." (citing HRS § 501-87)). Edward's response to Stephen's motion for summary judgment did not show that there was a genuine issue for trial, and the District Court properly granted Stephen's motion. See DCRCP Rule 56(c), (e) (1997).

III.

For the foregoing reasons, we affirm the amended Judgment for Possession filed by the District Court on June 20, 2011.

DATED:  Honolulu, Hawai'i, August 30, 2012.

On the briefs:

Edward Alexander Smith
Defendant-Appellant Pro Se

Guy A. Haywood
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4